**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JACOB ESPARZA, INDIVIDUALLY** | § | |
| **AND ON BEHALF OF ALL OTHERS** | § | |
| **SIMILARLY SITUATED,** | § | Docket No. |
| | § | |
| **PLAINTIFF,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **VS.** | § | **CLASS/COLLECTIVE ACTION** |
| | § | **29 U.S.C. § 216(b)/Fed. R. Civ. P. 23** |
| **C&J ENERGY SERVICES, INC.** | § | |
| | § | |
| **DEFENDANT.** | § | |
| | § | |
| | § | |

## COLLECTIVE/CLASS ACTION COMPLAINT

### I.    SUMMARY

1.     Jacob Esparza ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA") from C&J Energy Services, Inc. ("C&J" or "Defendant"). Plaintiff, and other workers like him, were typically scheduled for 12+ hour shifts, 7 days a week, for those weeks that he was scheduled to work in the oilfield. But these workers did not receive overtime pay for hours worked in excess of 40 in a single workweek. Instead of paying overtime as required by the FLSA, Defendant paid Plaintiff a salary and job bonus. This collective and class action seeks to recover the unpaid overtime wages, liquidated damages, costs, attorneys' fees, and other damages owed to these workers.

### II.    JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b). The Court

also has federal jurisdiction over the state law class action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).   The Court also has supplemental jurisdiction over the various state sub-class pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because many of the relevant facts occurred here. Plaintiff performed a substantial amount of his unpaid work for Defendant in this District and Division. Also, Defendant maintains offices, and engages in operations in, this District and Division.

### III.    THE PARTIES

4.      Jacob Esparza worked in the oilfield as part of a crew for C&J's Casedhole Wireline Division in Texas and New Mexico during the relevant statutory time period. He did not receive one and one half times his regular rate of pay for hours worked in excess of 40 in a single work week. His consent to be a party plaintiff is attached as Exhibit 1.

5.      The class of similarly situated employees ("FLSA Class Members") consists of:

**ALL FIELD PERSONNEL EMPLOYED BY C&J ENERGY SERVICES, INC. IN ITS CASEDHOLE WIRELINE DIVISION OVER THE PAST 3 YEARS WHO WERE PAID A SALARY AND/OR A BONUS**

6.      The class of similarly situated employees who worked in New Mexico ("New Mexico Class Members") consists of:

**ALL FIELD PERSONNEL WHO WORKED IN NEW MEXICO WHILE EMPLOYED BY C&J ENERGY SERVICES, INC. IN ITS CASEDHOLE WIRELINE DIVISION OVER THE PAST 3 YEARS AND WERE PAID A SALARY AND/OR A BONUS**

7.      The members of each class are easily ascertainable from Defendant's business and personnel records.

8.      Defendant C&J Energy Services, Inc. may be served through its registered agent: **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701**.

### IV.      COVERAGE UNDER THE FLSA

9.      At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10.     At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11.     At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

12.     At all times hereinafter mentioned, Plaintiff and the FLSA Class Members were engaged in commerce or in the production of goods for commerce.

### V.      FACTS

13.     C&J is a global company providing well construction, well completions, and well services to the oil and gas industry. As one of the largest completion and production services companies in North America, C&J provides a suite of services for the entire life cycle of

the well, including cementing; directional drilling; fracturing; coiled tubing; wireline; rig services; fluids management; and numerous complementary services.[1]

14.     C&J operates in the major U.S. shales, including Texas, Oklahoma, Louisiana, Pennsylvania, North Dakota, and the Rocky Mountain states. C&J also has offices in Western Canada, Dubai, and throughout the Middle East.[2]

15.     C&J employs numerous employees in its Casedhole Wireline Division to serve these exploration and production companies.

16.     Plaintiff worked for C&J as part of the crew in the C&J's Casedhole Wireline Division. Plaintiff and other workers like him spent the majority of their time operating oilfield machinery, collecting, relaying, and testing data, and reporting daily activities to both company men and various of his C&J supervisors for analysis.

17.     Plaintiff and the FLSA and New Mexico Class Members conducted their day-to-day activities within designated parameters and in accordance with a predetermined job procedure.  Their daily and weekly activities were routine and largely governed by standardized plans, procedures and checklists created by Defendant. Virtually every job function was predetermined by Defendant, including the tools, chemicals, and sand to use at a job site, the data to compile/test, and schedule of work and related work duties. Plaintiff and the FLSA and New Mexico Class Members were prohibited from varying their job duties outside of the predetermined procedures. Moreover, the job functions of Plaintiff and the FLSA and New Mexico Class Members were primarily manual and physical in nature, requiring little to no official training, much less a college education or other advanced degree.  Plaintiff and the FLSA

---

[1] *See* http://www.cjenergy.com/company-profile/about-cj-energy-services/.

[2] *See* http://www.cjenergy.com/company-profile/areas-of-operation/.

and New Mexico Class Members did not have supervisory or management duties.   Finally, for the Plaintiff and the FLSA and New Mexico Class Members performed substantially similar job duties related to servicing oil and gas operations in the field.

18.     While the exact job titles may have differed, this does not prevent collective or class treatment since all FLSA and New Mexico Class Members performed similar types of job duties and were all subject to similar pay practices.

19.     Plaintiff and the FLSA and New Mexico Class Members also worked similar hours and were both denied overtime as a result of the same illegal pay practice. Plaintiff and the FLSA and New Mexico Class Members were generally scheduled to work 84-112 hours per week worked, but often worked even more.

20.     Instead of paying them overtime, Defendant paid Plaintiff and the FLSA and New Mexico Class Members a hybrid salary and job bonus without overtime for all hours worked in excess of 40 in a single workweek. As the controlling law makes clear, the technical and manual nature of the duties which were performed by the FLSA and New Mexico Class Members consists of *non*-exempt work. Therefore, they are entitled to overtime pay at the rates required by the FLSA.

21.     Defendant owes back overtime wages to Plaintiff and all of the FLSA and New Mexico Class Members, all of whom work long hours each work week without proper overtime compensation.

## VI.     FLSA VIOLATIONS

22.     As set forth herein, Defendant violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than

40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half times the regular rates for which they were employed.

23.     Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the FLSA Class Members proper overtime compensation. Defendant's failure to pay proper overtime compensation to these employees was neither reasonable, nor was the decision not to pay proper overtime made in good faith.  Accordingly, the FLSA Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII.    NEW MEXICO MINIMUM WAGE ACT ALLEGATIONS

24.     The conduct alleged in this Complaint violates the NMMWA. NMSA § 50-4019, *et seq*. Defendant was and is an "employer" within the meaning of the NMMWA. At all relevant times, Defendant employed Plaintiff and each of the New Mexico Class Members as an "employee" within the meaning of the NMMWA.

25.     The NMMWA requires an employer like Defendant to pay overtime to all non-exempt employees. Plaintiff and the other New Mexico Class Members are non-exempt workers who are entitled to be paid overtime for all overtime hours worked.

26.     Within the applicable limitations period, Defendant had a policy and practice of failing to pay overtime to the New Mexico Class Members for their hours worked in excess of 40 hours per week. As a result of Defendant's failure to pay overtime to Plaintiff and the New Mexico Class Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant violated the NMMWA.

27.     Plaintiff and the other New Mexico Class Members seek the amount of their underpayments based on Defendant's failure to pay one and one-half time their regular rates of

pay for work performed in excess of 40 hours in a workweek, an equal amount as liquidated damages, and such other legal and equitable relief from Defendant's willful conduct as the Court deems just and proper. Defendant and the New Mexico Class Members seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the NMMWA.

## VIII.   COLLECTIVE AND CLASS ACTION ALLEGATIONS

28.     Numerous employees were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and NMMWA. Many of these employees worked with Plaintiff and reported that they were paid in the same manners as describe herein and were not properly compensated for all hours worked as required by the FLSA and NMMWA. Thus, from his observations and discussions with these employees, Plaintiff is aware that the illegal practices or policies of Defendant were imposed on the FLSA and New Mexico Class Members.

29.     The FLSA and New Mexico Class Members all regularly worked in excess of 40 hours per week and were not paid proper overtime compensation. These employees are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of relevant job duties, pay provisions, and employment practices.

30.     Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA and NMMWA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the FLSA and New Mexico Class Members. Thus, Plaintiff's experiences are typical of the experiences of the FLSA and New Mexico Class Members.

31.     The specific job titles or precise job locations of the various FLSA and New Mexico Class Members does not prevent collective treatment.  All of the FLSA and New Mexico Class Members, regardless of their precise job requirements or rates of pay, are entitled to be

properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

32.    Plaintiff has no interests contrary to, or in conflict with, the members of the each class. Like the FLSA and New Mexico Class Members., Plaintiff has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

33.    A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

34.    Absent this action, many members of the FLSA and New Mexico Class likely will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating the FLSA and applicable state labor law.

35.    Furthermore, even if some of the members of the Classes could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

36.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

37.    The questions of law and fact common to each of the members of the Classes predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

        a.   Whether Defendant employed the members of each class within the meaning of the applicable state and federal statutes, including the FLSA and NMMWA.

b.   Whether the members of the FLSA and NMMWA classes were properly classified as exempt from the overtime requirements;

c.   Whether Defendant's decision to not pay time and a half for overtime to the members of the FLSA and NMMWA classes was made in good faith;

d.   Whether Defendant's violation of the FLSA and NMMWA was willful; and

e.   Whether Defendant's illegal pay practices were applied uniformly across the nation to all members of the FLSA and NMMWA classes.

38.   Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

39.   Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

### IX.   JURY DEMAND

40.   Plaintiff demands a trial by jury.

### X.   RELIEF SOUGHT

41.   WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a.   For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and the Putative Class Members and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff and the Putative Class Members;

b.   For an Order pursuant to FRCP 23 certifying the New Mexico Class as a class action;

c.      For an Order awarding Plaintiff and the FLSA and New Mexico Class Members the costs of this action;

d.      For an Order awarding Plaintiff and the FLSA and New Mexico Class Members their attorneys' fees;

e.      For an Order awarding Plaintiff and the FLSA and New Mexico Class Members unpaid benefits and compensation in connection with the FLSA violations;

f.      For an Order awarding Plaintiff and the FLSA and New Mexico Class Members pre- and post-judgment interest at the highest rates allowed by law;

g.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*

**Michael A. Josephson**
Texas Bar No. 24014780
**Jessica M. Bresler**
Texas Bar No. 24090008
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Lindsay R. Itkin**
Texas Bar No. 24068647
**FIBICH, LEEBRON, COPELAND,
BRIGGS & JOSEPHSON**
1150 Bissonnet
Houston, Texas 77005
713-751-0025 – Telephone
713-751-0030 – Facsimile
mjosephson@fibichlaw.com
jbresler@fibichlaw.com
adunlap@fibichlaw.com
litkin@fibichlaw.com

**AND**

**Richard J. (Rex) Burch**
Texas State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**