UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JACOB ESPARAZA, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | SA-15-CA-850-DAE |
| C&J ENERGY SERVICES, INC., and C&J SPEC-RENT SERVICES, INC., | § § § | |
| Defendants. | § § | |

**ORDER GRANTING CONDITIONAL CERTIFICATION**

This Order concerns Plaintiff's Opposed Motion for Conditional Certification and Notice to Potential Class Members (Docket Entry 16).  This motion was referred to the undersigned pursuant to Western District of Texas Local Rule CV-72 and Appendix C.  For the reasons set out below, Plaintiff's Opposed Motion for Conditional Certification and Notice to Potential Class Members (Docket Entry 16) is hereby **GRANTED IN PART**.

**I.     Jurisdiction.**

Plaintiff's suit alleges violations of the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA").  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*  The Court has jurisdiction over the state law class action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).  This Court has authority to rule on non-dispositive matters pursuant to 28 U.S.C. § 636(b).  *See Poreda v. Boise Cascade, L.L.C.*, 532 F. Supp. 2d 234, 238 (D. Mass. Jan. 22, 2008); *Barrus v. Dick's Sporting Goods, Inc.*, 465 F. Supp. 2d 224, 229 n. 1 (W.D.N.Y. Sept. 19, 2006).

## II.    Background.

This a putative collective action suit to recover unpaid overtime compensation under FLSA, 29 U.S.C. § 201, *et seq.* and the NMMWA. (Docket Entry 1, at 3.)  Plaintiff and potential class members are current and former employees of Defendants, C&J Energy Services, Inc. ("C&J") and its subsidiary, C&J Spec-Rent Services, Inc. ("Spec-Rent").  (*Id.* at 2.)  C&J provides well construction, well completions, and well services to the oil and gas industry. (Docket Entry 17, at 4.)  According to Plaintiff, C&J and Spec-Rent share ownership, oversight and control of their business, and are therefore joint employers pursuant to 29 C.F.R. § 791.2 (2016).  (*Id.* at 3.)

Plaintiff was employed at C&J as part of a crew in the wireline division in Texas and New Mexico. (Docket Entry 17, at 4.)  Plaintiff was regularly scheduled to work 84–112 hours per week, but claims he often worked even more.  (*Id.* at 17.)  He alleges that Defendants failed to pay him and other potential class members overtime wages in accordance with the FLSA and the NMMWA. (*Id.*)

Plaintiff filed this suit against C&J on September 30, 2015.  (Docket Entry 1.)   On January 13, 2016, Plaintiff amended his complaint to add Spec-Rent as a named Defendant. (Docket Entry 15.)

## III.    Motion for Conditional Certification.

Plaintiff moves to conditionally certify a class of similarly situated employees ("Class Members") comprised of all wireline engineers employed by C&J and/or Spec-Rent over the past three years, but limited to only those employees paid a salary and/or a bonus. (Docket Entry 16, 3.)  He requests that written notice of the action be sent to potential class members, and requests that Defendants be required to provide him with the names, current/last known home

addresses, email addresses, and phone numbers of potential members. (*Id.* at 9, 12.) Defendants oppose these requests. (Docket Entry 21.)

### A.   *Certification.*

FLSA permits employees to bring an action against their employers for violation of its wage and hour provisions. 29 U.S.C. § 216. Section 216(b) permits an employee to bring an action against his employer on "behalf of [himself] . . . and other employees similarly situated." *Id.* § 216(b). This type of collective action follows an "opt-in" procedure, under which "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

Courts have discretion to allow a party asserting FLSA claims on behalf of others to notify potential plaintiffs that they may choose to "opt-in" to the suit. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Although the Fifth Circuit has not adopted a specific standard to be used in determining the propriety of class certification under the FLSA, it has recognized the two-stage approach used by many courts. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). This two-stage approach involves a "notice" stage and a "decertification" stage, and different evidentiary thresholds apply at each stage. *Mooney*, 54 F.3d at 1213–14.

At the "notice" stage, a plaintiff files a motion to provide notice of the lawsuit to potential class members. *Mooney*, 54 F.3d at 1213–14. The evidentiary standard at this stage is lenient, requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1214 n.8. Nevertheless, a court considering issuing notice to potential class members should be mindful of the

3

"responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266–67 (D. Minn. 1991).

If the motion to authorize notice is granted, the district court will conditionally certify the class so that putative class members are provided an opportunity to "opt-in" to the lawsuit. *Mooney*, 54 F.3d at 1214. The action then proceeds as a representative action throughout discovery. *Id.* Once discovery is complete, the case proceeds to the second stage of litigation, in which the court may revisit the issue of certification, if the defendant files a motion to decertify the class. *Id.*

In order to demonstrate that conditional certification and notice to potential plaintiffs is proper, "a plaintiff must make a minimal showing that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) . . . those aggrieved individuals are similarly situated to the plaintiff in relevant respect given the claims and defenses asserted, and (3) . . . those individuals want to opt in to the lawsuit." *Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H-07-2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007) (citing *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983)).

To determine whether the requisite showing has been made, courts look at the similarity of job requirements and pay provisions for the potential plaintiffs, and at whether they appear to be victims of a common policy or plan. *See Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002); *Butler v. City of San Antonio*, 2003 WL 22097250, at *1 (W.D. Tex. Aug. 21, 2003). Job requirements need be similar, but not identical. *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 824–25 (N.D. Tex. 2007). Substantial overlap is sufficient. *See id.*

Plaintiff contends that the pleadings and declarations he has submitted "more than [meet] the lenient standard of showing that notice to the Class Members is appropriate." (Docket Entry

4

16, at 9.)  In response, Defendants argue that Plaintiff has failed to show that "he is similarly situated to putative class members in duties or pay and has failed to establish that a nationwide pay practice applies to all 'wireline engineers.'"  (Docket Entry 21, at 5.)

Despite Defendants' arguments to the contrary, Plaintiff has met his lenient burden of providing sufficient evidence that he is similarly situated to the intended notice recipients. Plaintiff has set forth substantial allegations in his complaint, and has submitted sufficient evidence in supporting declarations, to suggest that the potential plaintiffs are similarly situated with respect to their job duties.  (Docket Entry 16-1, at 2–3; Docket Entry 16-2, at 2–3; Docket Entry 16-3, at 2–3; Docket Entry 17, at 4–5.)  Plaintiff described his primary job duties as "technical, physical and largely manual in nature."  (Docket Entry 16-1, at 2.)  Plaintiff mostly worked "outside in the oilfield or in the shop performing maintenance on [the] wireline equipment," and he states that the duties he "regularly performed did not typically vary between jobs."  (*Id.* at 2–3.)  His job included "physically rigging up the wireline equipment at the well site, operating and performing work and maintenance on the wireline units and equipment, lowering, steering, and operating tools needed for the wireline job, and rigging down the wireline equipment at the end of the job."  (*Id.* at 2.)  The declarations of other putative class members generally state similar duties and responsibilities.  (*See* Docket Entry 16-2, at 2–3; Docket Entry 16-3, at 2–3.)

Additionally, the declarations submitted show that potential class members were all compensated in a similar manner, thus showing them to be subject to a common pay policy.  (*See* Docket Entry 16-1, at 3; Docket Entry 16-2, at 3; Docket Entry 16-3, at 3.)  Defendants challenge Plaintiff's attempt to show similarity in pay on grounds that the "district offices do not share the same pay practice."  (Docket Entry 21, at 4, 7.)  Defendants' objection is grounded on

the fact that certain "wireline engineers" in the Williston, North Dakota office are non-exempt hourly employees. (Docket Entry 21, at 4, 7.) Defendants' argument, however, is irrelevant at this stage, as Plaintiff is not seeking to include hourly employees within the class. (*See* Docket Entry 24, at 2–3; Docket Entry 16, at 3 (seeking to conditionally certify "all current and former wireline engineers . . . paid on a salaried basis during the last three years").) Moreover, even if there ultimately proves to be some minor distinctions among the potential class, at this stage Plaintiff has made a sufficient showing of similarity to allow for conditional certification and notice.

For these reasons, Plaintiff has met the lenient notice-stage standard for conditional certification. If, at a later date, it becomes apparent that Plaintiff's and any other class members' overtime claims should be pursued on an individual basis, Defendants may move to decertify the class.

**B.**   *Notice.*

Once a court decides that class certification is appropriate, it is within its sound discretion to issue and monitor notice. *Hoffmann-La Roche Inc.* 493 U.S. at 171. Granting certification and issuing notice will have "the advantage of informing the original parties and the court of the number and identity of persons desiring to participate in this suit. With that information, analysis may be performed on the viability of the class and its representatives." *Villatoro v. Kim Son Rest. L.P.*, 286 F. Supp. 2d 807, 810 (S.D. Tex. 2003).

Plaintiff has proposed a form notice to class members for approval. (*See* Docket Entry 16-5.) Defendants assert numerous objections to the notice. (Docket Entry 21, at 8–13.) Defendants' primary objection is that notice should not be sent to employees subject to Defendants' Dispute Resolution Program ("DRP"). (*Id.* at 8.) The DRP requires all employees

6

that maintain employment with C&J to submit their claims to arbitration.  (*Id.* at 5.)  C&J implemented the DRP on March 30, 2015; it affects all C&J employees, including each of its subsidiaries employees.  (*Id.* at 4.)  Defendants claim that all of its employees, that were employees at that time, were provided hard copies of the DRP plan and a one-page DRP Employee Acknowledgement form summarizing the mandatory arbitration obligation.  (*Id.*) Defendants therefore contend that "[e]mployees subject to the DRP should not be included in any certified class or receive notice because: (1) they cannot opt-in . . . ; (2) [Plaintiff] is not similarly situated to DRP-bound employees; and (3) an individualized inquiry is necessary to resolve any dispute over whether particular individuals are bound by the DRP."  (*Id.* at 8.)

Plaintiff responds that, "the presence of recently adopted arbitration provisions doesn't prevent the issuance of notice to these individuals." (Docket Entry 24, at 4.)  Plaintiff is correct. A number of courts in this circuit have permitted plaintiffs "to send notice of the suit to all of these individuals, regardless of whether they signed arbitration agreements. . . ."  *Barnett v. Countrywide Credit Indust., Inc.*, No. CIV.A.3:01-CV-1182-M, 2002 WL 1023161, at *2 (N.D. Tex. May 21, 2002).  The potential effect of the DRP may be addressed by language in the notice and consent forms.  *See Moore v. C&J Energy Servs., Inc.*, No. H:15-CV-01136 (S.D. Tex. Dec. 9, 2015) (addressing this issue).

As for Defendants' other objections regarding the notice, the Court will require the parties to confer on the specifics of the notice—including the form and contents of the notice, the delivery method, and the manner of consent—to determine if these objections can be resolved. The parties can report any further disputes to the Court for resolution.

7

C.    *Contact Information.*

Plaintiff also requests that Defendants provide him with a list of "the names, current/last known home addresses, email addresses, and phone numbers of the Class Members." (Docket Entry 16, at 12.)  Courts routinely grant discovery of identity and contact information for putative plaintiffs once conditional certification has been granted. *See Hoffman-La Roche*, 493 U.S. at 170; *Clarke v. Convergys Customer Mgmt. Grp., Inc.*, 370 F. Supp. 2d 601, 607 (S.D. Tex. 2005); *Jones v. JGC Dallas LLC*, No. 3:11-CV-2743-0, 2012 WL 6928101, at *5 (N.D. Tex. Nov. 29, 2012).

At this time, the Court need only order that Defendants provide the names and current/last known home addresses of potential class members for the three years preceding the filing of this suit.  If that information proves insufficient, Plaintiff may seek additional information from Defendants, including any other identification information necessary to locate potential class members.

## IV.    Conclusion.

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion for Conditional Certification and Notice to Potential Class Members (Docket Entry 16) is **GRANTED IN PART**. It is **FURTHER ORDERED** that the parties confer on the specifics of the notice, including the form and contents of the notice, the delivery method, and the manner of consent. At or before this conference, Defendants must provide Plaintiff(s) with the potential class members' contact information, as discussed above. It is **FURTHER ORDERED** that, **within twenty-one (21) days** of the date of this Order, the parties submit either a joint proposed notice, or competing options for notice, to this Court for its consideration.

8

**SIGNED** on April 1, 2016.

Henry J. Bemporad
United States Magistrate Judge