UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JACOB ESPARZA, individually and on behalf of all others similarly situated, | § § § § | NO. SA-5:15-cv-00850-DAE |
| Plaintiff, | § § | JURY TRIAL DEMANDED |
| v. | § § § | CLASS/COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)/ Fed. R. Civ. P. 23 |
| C&J ENERGY SERVICES, INC. and C&J SPEC-RENT SERVICES, INC. | § § § | |
| Defendants. | § | |

**DEFENDANTS' OBJECTIONS TO, AND APPEAL OF,
ORDER GRANTING CONDITIONAL CERTIFICATION**

Pursuant to Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A) and Rule 4(a) of Appendix C of the Local Rules, Defendants object to and appeal the Order Granting Conditional Certification entered by Magistrate Judge Bemporad on April 1, 2016 (the "Order") (Doc. 25), specifically Section I, Section II, Section III. A. & B, and Section IV, that grants in part Plaintiff's Motion for Conditional Certification and Notice to Potential Class Members (the "Motion").

**A.      Summary of the Magistrate's Order**

The Order granted Plaintiff's Motion in part and conditionally certified a Fair Labor Standards Act ("FLSA") collective action that appears to be defined as: "all wireline engineers employed by C&J and/or Spec-Rent over the past three years, but limited to only those employees paid a salary and/or a bonus." Order at 2, 8. The Order thus authorized the sending of notice of this lawsuit to putative class members who are subject to mandatory arbitration agreements and have waived participation in a collective action. Order at 7. All parties agree that those individuals, even though they are now part of the Order's conditional class, *could never*

*participate in this lawsuit*. Defendants object to, and appeal, the Order with respect to these directives, including the findings and conclusions upon which they are based.

**B.     Summary of the Basis for Objections[1]**

    **1.     Certifying a Class to Include, and Authorizing Notice to be Issued to, Individuals Who Have Agreed to Individually Arbitrate Any FLSA Claims, Is Clearly Erroneous and Contrary to the Law.**

Plaintiff Esparza does not contest, or attempt to rebut Defendants' evidence establishing, that (1) individuals employed by either Defendant on or after March 30, 2015 (hereinafter, "DRP-Bound Employees"), are bound by Defendants' Dispute Resolution Program (the "DRP"), (2) the DRP requires that FLSA claims be resolved on an individual basis in arbitration; and (3) the DRP is enforceable. *See* Doc. 21 at 2-3; Doc. 24 at 4.[2] Those facts are undisputed. Esparza does not contend that DRP-Bound Employees should be permitted to opt-in to this case. Instead, he argues that the Court should conditionally certify a collective action that includes those individuals and authorize sending notice to them so as to "giv[e] those workers basic notice about their FLSA rights." Doc. 24. at 1. He argues that the "arbitration issue" can be resolved by revisions to the notice and consent forms. *Id.* at 4. The Order granted the Motion in this regard and thus required Defendants to share information about, and Plaintiff to provide mailings to, individuals who could not participate in this lawsuit. Order at 7.

---

[1] Rule 4 of Appendix C of the local rules requires the District Court to consider the appeal from a magistrate judge's order on a non-dispositive pretrial motion and set aside any portion of the order found to be clearly erroneous or contrary to law. It also authorizes the district judge to reconsider *sua sponte* any matter determined by a magistrate judge. As demonstrated herein, the Order is clearly erroneous and contrary to law. De novo review is also appropriate here. *See Wedel v. Vaughn Servs., LLC*, 2015 WL 5920034, at *1 (S.D. Tex. Oct. 9, 2015) (applying de novo review of magistrate judge's decision on conditional certification of FLSA claim); *Hickson v. USPS*, 2010 WL 3835885, at *2 (E.D. Tex. Sept. 28, 2010) (same).

[2] ". . . C&J says its DRP prevents this Court from giving notice to otherwise similarly situated Wireline Engineers because a heightened 'individualized inquiry' is necessary to determine who is bound by the DRP. . . . That's false. C&J itself says **the only fact** needed to determine if a Wireline Engineer is bound by the DRP is whether he was employed as of March 30, 2015 (the date C&J claims its DRP became effective)." Doc. 24 at 4 (record citations omitted).

The Order is clearly erroneous, and contrary to law, because it fails to apply the requisite legal test, and to hold Esparza to his burden, in determining that conditional certification and notice is proper to putative class members who are bound by the DRP. The Order did not require Esparza – who is not subject to the DRP -- to demonstrate that (1) he is similarly situated, with respect to the threshold defense of arbitration, to employees who are undisputedly bound to individually arbitrate their FLSA claims or (2) any DRP-Bound Employees want to opt-in, and, beyond that, could opt-in to this lawsuit. Additionally, the Order is clearly erroneous and contrary to law in that it concludes that 29 U.S.C. § 216(b) notices will be sent to individuals who cannot participate in this lawsuit, either (a) to advise them of FLSA rights, which cannot be pursued in the case giving rise to the notice, or (b) to invite them to opt-in to the proceeding and thereby violate their arbitration agreements in violation of the Federal Arbitration Act ("FAA").

2.  **Plaintiff Failed to Meet His Burden to Show That He is Similarly Situated to All Wireline Engineers With Respect to Job Duties or Compensation or That There Is a Uniform Nationwide Pay Policy, Therefore the Order Conditionally Certifying a Collective Action Is Clearly Erroneous and Contrary to Law.**

The Order concludes that "Plaintiff has met his lenient burden of providing sufficient evidence that he is similarly situated to the intended notice recipients," and that "Plaintiff has met the lenient notice-stage standard for conditional certification." Order at 5-6. However, the Order clearly errs, and is contrary to law, in concluding that Plaintiff met his burden to establish that (1) he is similarly situated to all other wireline engineers with respect to duties; (2) that he is similarly situated to all other wireline engineers with respect to compensation; or (3) that all wireline engineers nationwide were subject to a common pay policy.

### C. Basis for Objections and Argument on Appeal

**1. The Magistrate Judge Erred In Certifying a Class to Include, and Authorizing Notice to be Issued to, Individuals Who Have Agreed to Individually Arbitrate Any FLSA Claims.**

**a. The Order Fails to Apply the Proper Legal Test and Require the Plaintiff to Meet His Evidentiary Burden.**

The Order set forth the following legal requirements for conditional certification:

> In order to demonstrate that conditional certification and notice to potential plaintiffs is proper, "a plaintiff must make a minimal showing that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) . . . those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims **and defenses** asserted; and (3) . . . those individuals want to opt into the lawsuit."

Order at 4 (citation omitted) (emphasis added). However, the Order is clearly erroneous and contrary to law because the Magistrate Judge did not require Esparza to make his required showing prior to conditionally certifying a collective action, and Esparza failed to do so. Regardless of how lenient Esparza's initial burden might be, it is not non-existent.

First, the Order failed to consider whether Esparza met his burden to show that DRP-Bound Employees were similarly situated to him in relevant respects given the defense of arbitration. Instead, the Magistrate Judge lessened Esparza's burden by considering only "the similarity of job requirements and pay provisions for the potential plaintiffs, and whether they appear to be victims of a common policy or plan." Order at 4.[3] Courts have repeatedly recognized that when, as here, the enforceability of arbitration agreements are not at issue, a named plaintiff who is not bound by an arbitration program is not similarly situated to putative class members who are bound by that program. *See Adami v. Cardo Windows, Inc.*, 299 F.R.D. 68, 81-82 (D.N.J. 2014) (holding that the named plaintiffs were not similarly situated to

---

[3] The Order also clearly erred, and was contrary to the law, in the application of this standard in considering whether Esparza is similarly situated to the proposed class with respect to job duties and compensation. *See supra* at 10-13.

4

employees who had signed mandatory arbitration agreements and lacked standing to contest the validity of these agreements); *Botello v. COI Telecom LLC*, 2010 WL 5464824, at *7 (W.D. Tex. Dec. 30, 2010) ("many of the proposed members of the 'class' will have their claims subject to their arbitration agreements," therefore "the named Plaintiffs in this case are not similarly situated to the proposed class members"); *Fischer v. Kmart*, 2014 WL 3817368, *7 (D.N.J. Aug. 4, 2014) ("Opt–In Plaintiffs consented to an arbitration agreement and a collective action waiver. Therefore, they are both prevented from joining this collective action because of the Agreement and are also not similarly situated to members who can arbitrate in a collective action."). Indeed, Esparza, the only named plaintiff in this case, cannot represent employees who are subject to the DRP, nor can he challenge its enforceability.

Second, the Magistrate Judge clearly erred by failing to require Esparza to meet his burden to show that DRP-Bound Employees want to opt-in to the lawsuit or are permitted to opt-in. Neither Esparza nor either of the individuals who filed consents to join this case are bound by the DRP. Esparza did not submit any evidence identifying any DRP-Bound Employee who wants to join this federal litigation.

> b. **Certifying a Class to Include, and Authorizing FLSA Notice to be Sent to, Individuals Who Are Ineligible to Participate in this Lawsuit Is Clearly Erroneous and Contrary to Law.**

The Order only addresses the DRP-Bound Employees – those who could not opt in to the lawsuit -- in a cursory manner after conditionally certifying a class that includes them:

> Plaintiff responds that, "the present of the recently adopted arbitration provisions doesn't prevent the issuance of notice to these individuals." (Docket Entry 24, at 4.) Plaintiff is correct. A number of courts in this circuit have permitted plaintiffs "to send notice of the suit to all of these individuals, regardless of whether they signed arbitration agreements . . . ." *Barnett v. Countrywide Credit Indust., Inc.*, No. CIV. A. 3:01-CV-1182-M, 2002 WL 1023161, at *2 (N.D. Tex. May 21, 2002). The potential effect of the DRP may be addressed by language in the notice and consent

>    forms. *See Moore v. C&J Energy Servs., Inc.*, No. H:15-CV-01136
>    (S.D. Tex. Dec. 9, 20015) (addressing this issue.)

Order at 7. The Order is clearly erroneous and contrary to law because the Court lacks authority to conditionally certify a class that includes individuals who have waived their right to participate in a federal court collective action or to authorize any notice of a lawsuit in which they cannot participate to be sent to such individuals.

Plaintiff concedes that the DRP-Bound Employees cannot join this proceeding, yet urges the Court to "giv[e] those workers basic notice about their FLSA rights" anyway. Doc. 24 at 1. Given that position, and the Order's citation to *Barnett* and *Moore*, the Order reasonably can be read to approve notices that inform DRP-Bound Employees of this lawsuit but do not permit them to opt-in.[4]

Neither the FLSA nor any authority from the Supreme Court or the Fifth Circuit permit a court to endorse a targeted notice to individuals who are not, and cannot be, parties to the case pending before it simply to advise them of potential legal rights. Section 216(b) provides that "an action may be maintained" by an employee on behalf of himself and similarly situated employees. Conditional certification and the issuance of notice is permitted only to facilitate the process of joining such a pending action. *See Hoffman–La Roche Inc. v. Sperling*, 493 U.S. 165, 170-71 (1989).[5] The Order recognizes this limited purpose, explaining that a court conditionally

---

[4] Alternatively, if the Order authorizes permitting DRP-Bound Employees to join to this federal court collective action, the Order further errs by departing from the Federal Arbitration Act ("FAA"). The FAA has the purpose of ensuring that "private arbitration agreements are enforced according to their terms." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1747, 1748 (2011) (quotations omitted). Permitting DRP-Bound Employees to opt-in would disfavor the DRP and amount to the judicial authorization of a breach of an arbitration agreement in violation of the FAA. Despite the conceded enforceability of the DRP, C&J would be deprived of its right to arbitrate and forced to participate in "a representative action throughout discovery" until such time as it can seek decertification. Order at 4.

[5] *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013) ("The sole consequence of conditional certification is the sending of court-approved written notice to employees . . . who in turn become parties to a collective action only by filing written consent with the court . . . ."); *Garcia v. TWC Admin., LLC*, 2015 WL 1737932, at *8 (W.D. Tex. Apr. 16, 2015) (Ezra, J.) ("If the court determines that the proposed class members are

certifies a class "so that putative class members are provided an opportunity to 'opt-in' to the lawsuit," and that courts have discretion to allow a named plaintiff to "notify potential plaintiffs that they may choose to 'opt-in' to the suit." Order at 4, 3. Even Esparza acknowledges this limited purpose in proposing a "Notice of Lawsuit and Instructions for Joining" that states: "This Notice is for the sole purpose of determining the identity of those persons who wish to pursue their claims for unpaid overtime wages." Doc. 16-5 at 4. Nowhere does the FLSA, the Supreme Court or the Fifth Circuit authorize a court to "inform" non-parties about their legal rights separate from an action pending before it.

The *Barnett* and *Moore* decisions upon which the Order relies were wrongly decided in that they authorized notice to be sent to individuals who could not participate in the lawsuit. *See Barnett*, 2002 WL 1023161, at *2 ("Although the Court permits Plaintiff to send notice of the suit to all of these individuals, regardless of whether they signed arbitration agreements, only those persons who did not sign arbitration agreements may send back their consent form and opt-in to the suit."); Doc. 24-1 (*Moore*, Doc. 38-1 at 4) (requiring the representation, in the consent form, "I believe that I am not subject to the Dispute Resolution Program."). Neither court identified the source of the supposed "right to receive notice of their FLSA rights" held by strangers to a case who have no standing to participate in it. *See* Doc. 16-4 (*Moore*, Doc. 38 at 10).[6] There is no such right. Where an individual is ineligible to join the pending action, providing notice is unauthorized, ineffective and futile. Multiple district courts have excluded

---

similarly situated and conditional certification is warranted, the plaintiff has the opportunity to send notice to potential class members, *who are then permitted to opt in to the suit*.") (emphasis added).

[6] The *Moore* Court cites this Court's decision in *Garcia v. TWC Admin.*, LLC, 2015 WL 1737932, at *8 (W.D. Tex. Apr. 16, 2015). However, there, the Court did not find an unconditional right to receive notice of FLSA rights, despite not being eligible to participate in a lawsuit. In fact, there, the defendant did not challenge conditional certification of the proposed class. *Id.* at *3. Instead, the Court merely found that notice "must advise putative class members of their right to retain separate counsel and pursue their rights independently from the class" to avoid "the inaccurate impression that the sole avenue for class members to pursue their claims is through Plaintiffs' counsel." *Id.* at *8.

7

individuals with arbitration agreements from conditionally certified collective actions, recognizing there is no reason to send notice to individuals who cannot participate in the case.[7]

The Supreme Court has cautioned district courts to "be scrupulous to respect judicial neutrality" and "to avoid even the appearance of judicial endorsement of the merits of the action" when exercising their discretion to oversee the notice process. *Hoffman–La Roche*, 493 U.S. at 174. The Order recognizes that "a court considering issuing notice to potential class members should be mindful of the 'responsibility to avoid the "stirring up" of litigation through unwarranted solicitation.'" Order at 3-4 (citation omitted). Despite this recognition, the Order does exactly that. It provides a judicial imprimatur on an attorney solicitation and advertisement to individuals who cannot pursue the described claims in the case pending before it and thereby endorses the pursuit of FLSA claims. In doing so, it is clearly erroneous and contrary to law.

Esparza's proposed notice demonstrates its impropriety. Contrary to Esparza's urging, that notice does not give basic notice about FLSA rights,[8] but rather (1) describes the allegations in this lawsuit and (2) solicits business for Esparza's counsel. The notice begins:

---

[7] *See e.g., Longnecker v. Am. Exp. Co.*, 2014 WL 4071662, at *7 (D. Ariz. Aug. 18, 2014) ("there is no reason to give notice to any employee hired on or after" the date upon which all new hires were required to sign an arbitration agreement because "[a]ny FLSA claims those employees might have must be arbitrated*"); Czopek v. TBC Retail Grp., Inc.*, 2015 WL 4716230, at *7 (M.D. Fla. Aug. 7, 2015 (excluding from conditionally certified collective action any employees who signed agreements with arbitration provisions); *Woods v. Vector Mktg. Corp.*, 2015 WL 1198593, at *3 (N.D. Cal. Mar. 16, 2015) (excluding individuals who agreed to arbitration); *Fischer v. Kmart Corp.*, 2014 WL 3817368, at *7-8 (D.N.J. Aug. 4, 2014) (denying conditional certification with respect to putative class members who had signed arbitration agreements); *Daugherty v. Encana Oil & Gas (USA), Inc.*, 838 F. Supp. 2d 1127, 1130, 1133 (D. Colo. 2011) (excluding from collective action notice those who had signed agreements with arbitration provisions); *see also Page v. Crescent Directional Drilling, LP*, 2015 WL 4637812, at *3 (W.D. Tex. Aug. 3, 2015) ("[T]he class definition should, if at all possible, be written in a way that excludes those who have no right to sue. Thus, Plaintiff should attempt to tailor any future proposed class definition to exclude individuals who have fully released their rights to participate in the collective action."). In contrast, Plaintiff cited *Saravia v. Dynamex, Inc.*, 2015 WL 5821423, at *12 (N.D. Ca. Oct. 6, 2015), for the proposition that courts other than *Moore* "resolve an arbitration issue by addressing it in the notice forms." Doc. 24 at 4 & n 4. In that case, however, the lead plaintiff contested that he was required to arbitrate. After holding he was not obligated to arbitrate based on California law, the court limited the proposed class to those who performed services in California and inserted in the notice that issue of arbitration "will have to be litigated as to each opt-in." *Id.* That case is distinguishable because Esparza does not dispute that DRP-Bound Employees are required to arbitrate their FLSA claims.
[8] In comparison, the Wage and Hour Division of the Department of Labors has prepared "fact sheets" which are available to the public on its website. For example, there is a fact sheet providing "Basic Information" about the

8

> This Notice is to inform you of a collective action lawsuit alleging [Defendants] failed to pay overtime as required by the [FLSA], which Defendants deny. You may have the right to participate in this suit, and this Notice explains the circumstances under which you may be able to participate.

Doc. 16-5 at 2. But Plaintiff's counsel is fully aware that DRP-Bound Employees do not have the right to participate, therefore the introductory language alone demonstrates the impropriety of sending them notice.

The notice then describes the parties' allegations under the heading, "What is this Lawsuit About?" *Id*. That discussion does not describe "FLSA Rights." In "Your Participation in this Lawsuit," recipients are told it is "extremely important that you read, sign and return the attached Consent Form," suggesting a judicially-approved urgency. *Id*. at 3. DRP-Bound Employees are inaccurately advised that the "DRP may[9] require individual arbitration of your claim and/or prevent you from bringing your claim on a collective basis as part of this lawsuit," and then solicited: "the DRP does not prevent you from seeking legal counsel regarding your potential FLSA claim or deciding to be represented by Esparza's lawyers or another lawyer of your choice." *Id*. Plaintiff's counsel's contact information is prominently displayed on the same page. *Id*. Later, the notice repeats its purpose is not to advise of FLSA rights: "This Notice is for the sole purpose of determining the identity of those persons who wish to pursue claims for unpaid overtime wages." *Id*. at 4.

---

FLSA, see http://www.dol.gov/whd/regs/compliance/whd_fs.pdf, and one on "Overtime Pay Requirements of the FLSA, see http://www.dol.gov/whd/regs/compliance/whdfs23.pdf. While the DOL's fact sheets are more neutral descriptions than the proposed notice in this case, this Court does not have authority to approve sending those or like documents to individuals who cannot join a pending lawsuit. Doing so departs from the role of the judiciary.

[9] Although the proposed form says "may," it is undisputed that the DRP *does* require arbitration and prevents participation. The *Moore* Court modified the same language in notice proposed by the plaintiff there, but Esparza does not incorporate that revision here. Doc. 24-1 (*Moore*, Doc. 38 at 2).

Finally, Esparza proposes the distribution of a consent form that, rather than providing a means for individuals not bound by the DRP to join this litigation, calls for consent to the *legal representation* by *plaintiff's counsel* in an *unspecified action*:

> **CONSENT FOR LEGAL REPRESENTATION: BRUCKNER BURCH PLLC AND FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON**
>
> I work(ed) for C&J Energy Services, Inc. and/or C&J Spec-Rent Services, Inc. ("C&J"). I consent to have the law firms of Bruckner Burch PLLC and Fibich, Leebron, Copeland, Briggs & Josephson to represent me to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs.

*Id.* at 5.[10] In ordering the attorney solicitation of individuals who have signed arbitration agreements, the Order lends a judicial stamp of approval to a direct advertisement from Plaintiff's counsel.

>    2. **Because Plaintiff Failed to Meet His Burden, the Magistrate Judge Erred in Certifying a Nationwide Collective Action of Wireline Engineers.**
>
>       a. **The Order Is Clearly Erroneous Because Plaintiff Failed to Submit Credible and Sufficient Evidence That He Is Similarly Situated to All Junior Field Engineers and All Field Engineers Nationwide With Respect to Job Duties.**

In certifying a nationwide class of all "wireline engineers," the Order concludes: "Plaintiff has set forth substantial allegations in his complaint, and has submitted sufficient evidence in supporting declarations, to suggest that the potential plaintiffs are similarly situated with respect to their job duties." Order at 5. A review of the declarations themselves demonstrates that the Order is clearly erroneous.

---

[10] In *Moore*, the Court narrowed the form to limit consent to joining that litigation by individuals who are not subject to the DRP. Doc 24-1 (*Moore*, Doc. 38-1 at 4). Although the *Moore* Court made those revisions prior to Esparza's submission of his proposed form, Esparza chose not to incorporate them here, instead seeking approval of a broader solicitation of clients. Even the *Moore* revisions, however, would not eliminate the clear error of endorsing notice to individuals who cannot participate.

10

The declarations submitted by Plaintiff and others who have opted in to this lawsuit in support of certification are virtually identical, fail to distinguish between Junior Field Engineers ("JFEs") and Field Engineers ("FEs"), and describe the job duties of "wireline crew members" as a whole,[11] rather than specify the responsibilities of a JFE, a FE, or even an operator. For instance, in his declaration, Plaintiff describes his duties "as part of a wireline crew," on which he worked at different times as a non-exempt operator and a salaried "engineer." Doc. 16-1 at ¶4, 8. He does not distinguish between the duties he performed as an operator and those he performed as a JFE. *Id.* Declarants Peper and Bowman, who each held the position of FE or Senior FE, describe their duties in identical terms to each other and to Esparza. *See* Doc. 16-2 & 16-3 at ¶¶ 4, 8.

The declarants further conflate the job duties of all crew members by providing vague and generalized descriptions of a wireline job – rigging up, operating and maintaining equipment, operating tools, and rigging down – rather than the details of each employee's (or even job position's) responsibilities on a crew. Doc. 16-1, 16-2, 16-3 at ¶4. They identically describe: "My duties *and the duties of my other wireline crew members* were technical, physical and largely manual in nature." Doc. 16-1, 16-2, 16-3 at ¶ 5 (emphasis added). And while each claims, "I worked with alongside [sic] C&J's wireline crew members on a daily basis and know that these workers perform the same types of services . . . that I did," it is undisputed that each crew included only one FE and, occasionally, a JFE, plus operators. Their personal knowledge is therefore necessarily limited to the operators on their assigned crews, rather than all FEs or JFEs.

---

[11] Defendants submitted undisputed evidence that a wireline crew is typically comprised of a Field Engineer ("FE"), who is an exempt supervisor, and three or four non-exempt, hourly operators, with varying levels of experience; and occasionally, a Junior Field Engineer ("JFE") will be included in a crew. Doc. 21-2. The undisputed evidence further establishes that Esparza held the positions of Operator, Senior Operator, and JFE, while Peper held the positions of FE and Senior Field Engineer and Bowman held the position of FE. *Id.*

11

Moreover, Esparza submitted no evidence to support his burden of showing that all JFEs and FEs have similar job duties in all twenty district offices nationwide. The declarants rely only on their personal experience working on their wireline crews and do not claim to have personal knowledge of how other crews worked, either within their own districts or in other districts across the country.

The Order clearly erred in finding, based on these declarations, that Esparza met even the "lenient burden" of demonstrating that he, as an operator and JFE, is similarly situated to any other, or all, "wireline engineers" with respect job duties.

> **b.      The Order Is Clearly Erroneous Because Plaintiff Failed to Submit Credible and Sufficient Evidence That There Is a Uniform Compensation Policy or Practice That Applies to All Junior Field Engineers and Field Engineers Nationwide.**

The Order found that "the declarations submitted show that potential class members were all compensated in a similar manner, thus showing them to be subject to a common pay policy." Order at 5. Responding to Defendants' opposition, it improperly shifted the burden to Defendants to prove the absence of a uniform nationwide pay policy, rather than requiring Esparza to prove the existence of such a policy, as the law requires:

> Defendants challenge Plaintiff's attempt to show similarity in pay on grounds that the "district offices do not share the same pay practice." Defendants' objection is grounded on the fact that certain "wireline engineers" in the Williston, North Dakota office are non-exempt hourly employees. Defendants' argument, however, is irrelevant at this stage, as Plaintiff is not seeking to include hourly employees within the class.

Order at 6 (record citations omitted). But the North Dakota example was not provided for the purpose of excluding hourly employees from the class; it was offered to demonstrate the non-uniformity of pay practices within Plaintiff's putative class.

Plaintiffs' only evidence of a uniform nationwide pay policy was three declarants' statements that they were paid a base salary and a ticket bonus, and their hearsay assertion that "C&J pays all of its engineers on its wireline crews a salary and a ticket bonus. I know this because I regularly spoke with my co-workers about their pay at C&J." Doc. 16-1, 16-2, 16-3 at ¶ 9, 11. However, the record evidence established that, in North Dakota, where declarant Peper worked and claimed to have regularly spoken with his co-workers about their pay, C&J did not pay all of its engineers a salary and ticket bonus. That undisputed fact alone establishes that, contrary to the declarants' statements, C&J does not pay "all of its engineers" a salary and bonus. It disproves the existence of a nationwide, uniform pay policy as to all wireline engineers, even though that is not C&J's burden. It also undercuts Peper's credibility, as well as that of the other declarants who made identical statements. And it demonstrates the insufficiency of the declarants' statements to show the existence of a nationwide, common pay policy. *Esparza submitted no other evidence of uniform compensation for wireline engineers in all 20 district offices.*

This Court has held that "FLSA violations at one of a company's multiple locations generally are not, without more, sufficient to support company-wide notice." *McCloud v. McClinton Energy Group, L.L.C.*, No. 7:14–CV–120-DAE, 2015 WL 737024, at *8 (W.D. Tex. Feb. 20, 2015) (quotation omitted (declining to authorize company-wide notice based on "[t]hree affidavits attesting to identical compensation schemes" at two facilities); *see Graham v. Jet Specialty, Inc.*, No. 7:15-00135-DAE (slip op.), at 10-11 (W.D. Tex. Jan. 11, 2016) (limiting class to drivers dispatched out of the same office).

Finally, the Order clearly erred to the extent that it limited certification to wireline engineers "paid a salary and/or a bonus." Such a class includes both salaried engineers and hourly engineers who were paid a bonus but also received overtime pay.

Defendants request that the District Court vacate the Order and, instead, enter an order denying Plaintiffs' Motion in its entirety.

                                                            Respectfully submitted.

                                                            */s/ Sean M. Becker*
                                                            SEAN M. BECKER
                                                            Attorney in Charge
                                                            State Bar No. 2409657
                                                            Federal ID 602796
                                                            CHRISTIE M. ALCALÁ
                                                            State Bar No. 24073831
                                                           Federal ID 1450050
                                                           VINSON & ELKINS L.L.P.
                                                           1001 Fannin Street, Suite 2500
                                                           Houston, Texas 77002
                                                           Telephone: 713.758.2646
                                                           Facsimile: 713.615.5129
                                                           sbecker@velaw.com
                                                           calcala@velaw.com

                                                           ATTORNEYS FOR DEFENDANTS
                                                           C&J ENERGY SERVICES, INC. and
                                                           C&J SPEC-RENT SERVICES, INC.

## **CERTIFICATE OF SERVICE**

     I certify that on April 15, 2016, a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF system and automatically copied to all counsel of record.

                                                            */s/ Sean M. Becker*
                                                           Attorney for Defendants