UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JACOB ESPARZA, individually and on behalf of all others similarly situated, | § § § § | No. 5:15–CV–850–DAE |
| Plaintiff, | § § | |
| vs. | § § | |
| C&J ENERGY SERVICES, INC. and C&J SPEC-RENT SERVICES, INC. | § § § | |
| Defendants. | § § | |

ORDER AFFIRMING MAGISTRATE ORDER ON
CONDITIONAL CLASS CERTIFICATION

Before the Court is a motion objecting to the Magistrate Judge's Order granting conditional class certification (Dkt. # 25) filed by C&J Energy Services, Inc. ("C&J") and C&J Spec-Rent Services, Inc. ("Spec-Rent") (collectively, "Defendants"). (Dkt. # 26.) On April 18, 2016, this Court stayed the proceedings in this case pending its decision on the merits of the instant Motion. Plaintiff Jacob Esparza ("Esparza") filed a Response on April 25, 2016. (Dkt. # 28.) For the reasons stated below, the Court **AFFIRMS** the decision of the Magistrate Judge, and **DENIES** the motion to reconsider. (Dkt. # 26.)

1

BACKGROUND

Esparza was employed at C&J as part of a wireline crew at well sites in Texas and New Mexico between April 2010 and May 2014.  ("Esparza Decl.," Dkt. # 16, Ex. 1 ¶¶ 2–3.)  He was alleges he was regularly scheduled to work in excess of 40 hours per week, but was not paid overtime wages in accordance with the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq., and the New Mexico Minimum Wage Act ("NMMWA").  (Id. ¶¶ 7, 10.)  On September 30, 2015, Esparza filed suit against C&J under the FLSA and NMMWA on behalf of himself and all other similarly situated employees to recover unpaid overtime compensation. (Dkt. # 1.)  On January 14, 2016, Esparza amended his complaint to add Spec-Rent as a defendant.  ("Am. Compl." Dkt. # 17.)

On January 13, 2016, Esparza filed a motion to conditionally certify a class of similarly situated employees comprised of all wireline engineers employed by C&J and Spec-Rent over the last three years, but limited to those employees paid a salary and/or bonus.  (Dkt. # 16 at 3.)  This motion was supported by Esparza's own declaration, as well as the declaration of Jess Peper, who was employed as a member of a wireline crew between August 2011 and April 2014 in North Dakota, Wyoming, and Montana ("Peper Decl.," Dkt. # 16, Ex. 2 1–3), and the declaration of Kelly Bowman, who was employed as a member of a wireline

crew between January 2012 and June 2013 in Pennsylvania, West Virginia, and Ohio. ("Bowman Decl.," Dkt. # 16, Ex. 3 ¶¶ 1–3.)

On April 1, 2016, Magistrate Judge Henry Bemporad granted in part the Motion to Conditionally Certify the Class, authorizing that notice be sent to "all current and former wireline engineers . .. paid on a salaried basis during the last three years." (Dkt. # 25 at 6 (quoting Dkt. # 16 at 3).) Judge Bemporad further ordered the parties to confer as to the specifics of the notice, including its form and contents, delivery method, and manner of consent, and submit a joint proposed notice or competing options for notice to the Court within twenty-one days of entry of the order. (Dkt. # 25 at 8.) Defendants' instant motion objects to this order. (Dkt. # 26.)

## LEGAL STANDARD

I. <u>Review of a Magistrate Judge's Order on a Nondispositive Motion</u>

Where "a pretrial matter not dispositive of a party's claim . . . is referred to a magistrate judge to hear and decide," the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A motion for conditional class certification is nondispositive. <u>Lee v. Metrocare Servs.</u>, 980 F. Supp. 2d 754, 761 (N.D. Tex. 2013); <u>Monroe v. FTS USA, LLC</u>, 257 F.R.D. 634, 639 (W.D. Tenn., 2009) ("[T]here is 'no possibility of final disposition at the conditional

certification stage.'" (quoting White v. MPW Indus. Servs., Inc., 236 F.R.D. 363, 369 (E.D. Tenn. 2006)).

"The 'clearly erroneous' standard applies to [review of] the factual components of the magistrate judge's decision." Lahr v. Fulbright & Jaworski, L.L.P., 164 F.R.D. 204, 208 (N.D. Tex. 1996) (quoting Smith v. Smith, 154 F.R.D. 661, 665 (N.D.Tex.1994)).  While the Court must review the Magistrate Judge's conclusions of law for clear error, it must conduct a de novo review of any of the Magistrate Judge's conclusions of law to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

II.     Conditional Certification Standard

The FLSA requires employers to compensate an employee one and one-half times the regular rate for each hour worked in excess of forty hours a week.  29 U.S.C. § 207(a)(1).  The FLSA provides a cause of action to any employee who was not appropriately compensated for overtime work, and allows "similarly situated" employees to give written consent to join the lawsuit.  Id. § 216(b); see also Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 518 (5th Cir. 2010).  This collective action mechanism allows "[s]imilarly situated employees [to] 'opt-in' to a lawsuit under § 207(a) to benefit from a judgment."

4

Walker et al. v. Honghua Am., LLC, 870 F. Supp. 2d 462, 465 (S.D. Tex. May 7, 2012).

Conditional certification under § 216(b) does not have the same legal effect as class certification pursuant Federal Rule of Civil Procedure 23, where class members must "opt out" of the lawsuit to avoid being bound by the judgment. Sandoz v. Cingular Wireless LLC, 533 F.3d 913, 916 (5th Cr. 2008); see also Genesis Healthcare Corp v. Symczyk, 133 S. Ct. 1523, 1530 (2013) (determining that "[t]he sole consequence of conditional certification is the sending of court-approved written notice to employees . . . who in turn become parties to a collective action only by filing written consent with the court.").

While the Fifth Circuit has not adopted a test for determining whether a group of employees or former employees is similarly situated such that conditional class certification is warranted, "most federal courts have adopted the Lusardi test when deciding these issues." Pedigo v. 3003 S. Lamar, LLP, 666 F. Supp. 2d 693, 696 (W.D. Tex. 2009) (quoting Morales v. Thang Hung Corp., No. 4:08–2795, 2009 WL 2524601, at *2 (S.D. Tex. Aug. 14, 2009)); see Lusardi v. Xerox Corp, 118 F.R.D. 351 (D.N.J. 1987).

Under Lusardi, the Court first determines "whether the plaintiff can show the existence of a class whose members are 'similarly situated.'" Dyson v. Stuart Petroleum Testers, Inc., 308 F.R.D. 510, 512 (W.D. Tex. 2015). "[T]his

determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1214 (5th Cir. 1995) (overruled on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003)).  The decision is "usually based only on the pleadings and any affidavits which have been submitted." Mooney, 54 F.3d at 1213–14; see also Dyson, 308 F.R.D. at 512.  Where a district court grants conditional certification, "putative class members are given notice and the opportunity to 'opt-in.'" Mooney, 54 F.3d at 1214.  At the close of discovery, the court, pursuant to defendant's motion that the opt-in plaintiffs are not similarly situated, may decertify the class, and dismiss the opt-in plaintiffs without prejudice.  Id. at 1214.

## ANALYSIS

Defendants raise the following objections to Judge Bemporad's order: (1) the conditional class should not include individuals bound by the Defendants' Dispute Resolution Program ("DRP"), which requires that FLSA claims be resolved on an individual basis in arbitration (Dkt. # 26 at 2–3, 4–10); and (2) the conditional class should not cover all wireline workers employed by C&J paid a salary and ticket bonus, because Plaintiff did not meet his burden to show he was similarly situated to all such employees (id. at 3, 10–14).

A. <u>Whether employees and former employees subject to the DRP are members of the putative class</u>

The FLSA was enacted with "broad remedial purpose" of assisting workers not afforded their rights under federal labor laws. <u>Jones v. Cretic Energy Servs., LLC</u>, H–15–0051, 2015 WL 8489978, at *10 (S.D. Tex. Dec. 9, 2015). The Federal Arbitration Act ("FAA") provides that arbitration agreements entered into before a suit arose in court "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." <u>Carter v. Countrywide Credit Indus., Inc.</u>, 362 F.3d 294, 297 (5th Cir. 2004) (quoting 9 U.S.C. § 2).

District courts have the discretion "to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." <u>Hoffman-La Roche Inc. v. Sperling</u>, 493 U.S. 165, 169 (1989). Individuals without litigable claims, including those subject to valid arbitration agreements, may not join collective actions under the FLSA. <u>Id.</u> at 173. However, many district courts in Texas have authorized sending notice to employees subject to arbitration agreements, because the validity of the arbitration agreement—an issue not yet considered at this stage in the litigation—determines whether or not these employees are permitted to join the lawsuit. <u>See</u> <u>e.g.</u>, <u>Moore et al. v. C&J Energy Servs., Inc., et al.</u>, No. 4:15–cv–1136, (S.D. Tex. Dec. 8, 2015); <u>Villatoro v. Kim Son Restaurant, LP</u>, 286 F. Supp. 2d 807, 811 (S.D. Tex. 2003) (finding that the validity of a recently-implemented

7

arbitration policy goes to the "merits of the action or the forum in which these claims ultimately should be resolved," rather than to whether potential claimants should be notified of the action); Barnett v. Countrywide Credit Indust., Inc., No. 3:01–CV–1182–M, 2002 WL 1023161, at *2 (N.D. Tex. May 21, 2002). Permitting notice to be sent to employees and former employees who may ultimately not be permitted to remain part of the lawsuit "is distinguishable in form and function from the solicitation of claims," and does not avoid the Court's duty to "respect judicial neutrality." Hoffman-La Roche, 493 U.S. at 174.

      Here, while the DRP became binding in March 2015 and the instant suit was not instituted until September 2015, numerous other factors could undermine the validity of the agreement, including the fact that similar litigation against C&J is ongoing in other judicial districts and may have been initiated before the DRP became effective.[1]  See e.g., Moore et al., No. 4:15–cv–1136.  The most judicially efficient way to resolve this matter is to permit notice to be sent to all similarly-situated employees, even if they are subject to the DRP.  If the Court finds that the DRP binds those employees employed by Defendants after March 2015, these individuals will not be permitted to proceed in litigation after the

---

[1] The parties should not construe this observation as a judgment on the validity or applicability of the arbitration agreement at this stage in the litigation, but only as a factor the Court must consider when determining whether to authorize sending notice to parties subject to the DRP agreement.

decertification stage. As to this objection, the Magistrate's Order is **AFFIRMED**, and Defendants' Motion for Reconsideration is **DENIED** (Dkt. # 26).

B. <u>Whether Plaintiff met his burden to show he was similarly situated to other wireline operators</u>

A plaintiff pursuing an FLSA claim and seeking class certification must make three showings to the court: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist, (2) those aggrieved individuals are similarly situated to the plaintiff in relevant aspects given the claims and defenses asserted, and (3) those individuals want to opt-in to the lawsuit." <u>McCloud v. McClinton Energy Group, L.L.C.</u>, No. 7:14-CV-120, 2015 WL 737024, at *3 (W.D. Tex. Feb. 20, 2015) (quoting <u>Casanova Gold's Tex. Holdings Grp., Inc.</u>, No. 5:13-CV-1161-DAE, 2014 WL 6606573, at *2 (W.D. Tex. Nov. 19, 2014). The sufficiency of each of Plaintiff's showings will be evaluated below.

1. <u>Whether there is a Reasonable Basis for Crediting the Assertion that Aggrieved Individuals Exist</u>

At the notice stage, the court may conclude that aggrieved individuals exist where "there is a factual nexus that binds the named plaintiffs and potential class members as victims of a particular alleged policy or practice." <u>Black v. Settlepou, P.C.</u>, No. 3:10–CV–1418–K, 2011 WL 609884, at *3 (N.D. Tex. Feb. 14, 2011). At this stage of the litigation, "allegations in pleadings and affidavits

9

are generally sufficient to support a claim for conditional certification" to allow notice of the lawsuit to potential opt-in plaintiffs. Pacheo v. Aldeeb, No. 5:14–CV–121–DAE, 2015 WL 1509570, at *3 (W.D. Tex. Mar. 31, 2015). Affidavits may contain knowledge "based upon [employees'] own observations [of other employees] and experiences during their employment." Lee, 980 F. Supp. 2d at 764 (citing U.S. v. Cantu, 167 F.3d 198, 204 (5th Cir. 1999)). Such affidavits, and allegations contained therein, need not be in a form admissible at trial, and may be based upon reasonable personal observations or "couched in general terms." Dyson, 308 F.R.D. at 514; see also Villegas v. Grace Disposal Sys., LLC, No. H–13–320, 2014 WL 793977, at *5 (S.D. Tex. Feb. 27, 2014).

      Here, Esparza, Peper, and Bowman each allege that they were subject to compensation schemes in violation of the FLSA. (Esparza Decl. ¶¶ 6–7, 9–11; Peper Decl. ¶¶ 6–7, 9–11; Bowman Decl. ¶¶ 6–7, 9–11.) Their affidavits state that they are aware of Defendants' pay practices at oil fields in Texas, New Mexico, Pennsylvania, West Virginia, Ohio, Wyoming, North Dakota, and Montana. (Esparza Decl. ¶ 3; Peper Decl. ¶ 3; Bowman Decl. ¶ 3.) Each states that the job is transient in nature, and that at each location where they worked, they, like other wireline engineers, received a salary and a "ticket bonus," and that he or she frequently worked overtime hours, yet did not receive compensation for these overtime hours. (Esparza Decl. ¶¶ 7, 9–11; Peper Decl. ¶¶ 7, 9–11; Bowman Decl.

¶¶ 7, 9–11.) At this stage, this showing is sufficient; Plaintiffs have met their burden to provide a reasonable basis that similarly aggrieved individuals exist.

2. <u>Whether Aggrieved Individuals are Similarly Situated to the Plaintiff</u>

As established above, affidavits at this stage may be general. <u>See</u> <u>McCloud</u>, 2015 WL 737024, at *4 n. 5 (collecting cases) (finding "interaction with fellow employees can be sufficient to establish personal knowledge" at this stage of the litigation); <u>also see</u> <u>Villarreal v. St. Luke's Episcopal Hosp.</u>, 751 F. Supp. 2d 902, 911–12 (S.D. Tex. Nov. 3, 2010) ("day-to-day work and interaction with other employees" is sufficient to support a finding of personal knowledge at this stage in the litigation.)

Esparza, Peper, and Bowman have submitted affidavits stating that they are aware of Defendants' pay practices at oil fields in Texas, New Mexico, Pennsylvania, West Virginia, Ohio, Wyoming, North Dakota, and Montana. (Esparza Decl. ¶ 3; Peper Decl. ¶ 3; Bowman Decl. ¶ 3.)

Further, Esparza, Peper, and Bowman each described their job duties as being "technical, physical, and largely manual in nature," that typical work locations were "in the oilfield or in the shop performing maintenance," and that their job duties included rigging wireline equipment at the well site, operating the tools needed for the wireline job, and rigging down the wireline equipment, and that their job duties remained consistent among job sites. (Esparza Decl. ¶¶ 4–6;

Peper Decl. ¶¶ 4–6; Bowman Decl. ¶¶ 4–6.)  C&J disputes that wireline crews are made up of Junior Field Engineers, Field Engineers, and operators, that all wireline crew members cannot be part of the same conditional class, and that declarants did not appropriately distinguish between their status as Junior Field Engineers and Field Engineers.  (Dkt. # 26 at 10–12.)  Defendants further argue that because certain wireline engineers in North Dakota were paid on an hourly basis, this undermines the argument that all wireline crew members were similarly situated.  (Id. ¶¶ 12–13.)  However, Judge Bemporad correctly found that the job description for the Junior Field Engineers and Field Engineers was substantially similar, and addressed the other issues by excluding salaried wireline engineers and operators from the conditional class.  The assertions of Esparza, Peper, and Bowman are sufficient to conditionally certify a class of employees who were employed as wireline engineers and paid a salary and/or ticket bonus by Defendants during the relevant time period.

   3. <u>Whether There is Evidence that Similarly Aggrieved Individuals Will Opt-in to the Suit</u>

    Several district courts in Texas, including this Court, have rejected the third, non-statutory requirement of the conditional certification test, which requires the party seeking conditional certification to demonstrate that there are others who wish to join the suit.  See Villareal v. St. Luke's Episcopal Hosp., 751 F. Supp. 2d 902, 916 (S.D. Tex. 2010) (finding "that it is enough for the plaintiff to present

evidence that there may be other aggrieved individuals to whom a class action notice should be sent, without requiring evidence that those individuals actually intent to join the lawsuit"); see also Pruneda v. Xtreme Drilling & Coil Servs., Inc., No. 5:16–cv–091, (W.D. Tex. Apr. 14, 2016); Badgett v. Tex. Taco Cabana, L.P., No. Civ. A.H.–05–3624 (S.D. Tex. Feb. 14, 2006).  Accordingly, the Court will not consider this factor.

    4. Conclusion

At this stage, Esparza has met his burden to demonstrate a basis for conditional certification of a class of wireline engineers who were paid a salary. As to this objection, the Magistrate Judge's order is **AFFIRMED,** and Defendants' Motion for Reconsideration is **DENIED** (Dkt. # 26).  The class for certification is defined as all persons employed by C&J and Spec-Rent as wireline engineers and paid a salary during the relevant time period beginning three years before the date notice is sent.

  C. Other Objections

To the extent that Defendants make objections to Esparza's proposed notice (Dkt. # 26 at 9), these objections are **DENIED AS MOOT**.  Judge Bemporad's order explicitly instructs the parties to confer on the form of notice and present any notice disputes to the Court pursuant to a separate motion; objections to notice will be addressed at that time.

CONCLUSION

The temporary stay imposed during the pendency of this Court's determination of the instant motion is **LIFTED**. Defendants' Motion to Reconsider is **DENIED,** and the Magistrate Judge's decision is **AFFIRMED**. (Dkt. # 26.) Defendants are obligated to provide Plaintiff with contact information for all wireline engineers in accordance with the instructions set forth in Judge Bemporad's order. Parties are further directed to confer and submit any disputes regarding notice to the Court. The deadlines set in Judge Bemporad's original order were tolled pending the decision on the instant motion, but resume as of the date of filing this order. Any requests for additional time should be submitted in writing to the Court.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas. May 2, 2016.

David Alan Ezra
Senior United States Distict Judge