UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JACOB ESPARZA, individually and on behalf of all others similarly situated, | § § § § | No. 5:15–CV–850–DAE |
| Plaintiff, | § § | |
| vs. | § § | |
| C&J ENERGY SERVICES, INC. and C&J SPEC-RENT SERVICES, INC. | § § § | |
| Defendants. | § | |

ORDER STAYING CASE DUE TO SUGGESTION OF BANKRUPTCY

Before the Court is a Suggestion of Bankruptcy filed by Defendants C&J Energy Services, Inc. ("C&J") and C&J Spec-Rent Services, Inc. ("Spec-Rent") (collectively, "Defendants"). (Dkt. # 51.)

On September 30, 2015, Plaintiff Jacob Esparza filed a collective action complaint against C&J, alleging violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq., and the New Mexico Minimum Wage Act ("NMMWA"). (Dkt. # 1.) On January 14, 2016, Esparza amended his complaint to add Spec-Rent as a defendant.

On April 1, 2016, Magistrate Judge Henry Bemporad granted in part a motion to conditionally certify a class of similarly situated employees, and authorized notice of suit to be sent to "all current and former wireline engineers . . .

1

paid on a salaried basis during the last three years." (Dkt. # 25 at 6.) Defendants filed a Motion for Reconsideration, and this Court affirmed Judge Bemporad's order on May 2, 2016 (Dkt. # 29). The parties submitted a joint proposed notice to the Court on May 6, 2016 (Dkt. # 30), and the Court approved the notice on May 11, 2016 (Dkt. # 32). Twenty-six individuals have opted into the suit as of July 25, 2016. (See Dkts. ## 11, 14, 20, 33–39, 41, 45–50.)

On July 21, 2016, Defendants filed a Suggestion of Bankruptcy, notifying this Court that on July 20, 2016, C&J and Spec-Rent each filed Voluntary Petitions for Relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas. (Dkt. # 51; Bankruptcy Case Nos. 16-33596 and 16-33598, respectively.) Defendants moved the Bankruptcy Court for joint administration of these cases under Case No. 16-33590, before United States Bankruptcy Judge David R. Jones. (Dkt. # 51.)

Section 362 of the United States Bankruptcy Code requires that "a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6). The objective of Esparza's Amended Complaint is to find Defendants liable for failure to pay unpaid overtime wages, and to obtain

compensation of wages, reasonable costs, and attorney's fees.  Because the liabilities at issue arose before the commencement of the case under the Bankruptcy Code, and are asserted against debtors involved in bankruptcy proceedings, this Court finds that the action must be **STAYED** pursuant to Section 362(a)(6) of the United States Bankruptcy Code.

Where a suit is stayed pursuant to a bankruptcy proceeding, an administrative closure is appropriate.  See <u>Mire v. Full Spectrum Lending Inc.</u>, 389 F.3d 163, 167 (5th Cir. 2004).  An administrative closure is "a postponement of proceedings," rather than "a termination."  <u>S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V.</u>, 383 F.3d 297, 302 (5th Cir. 2004).  A case that is administratively closed "may be reopened upon request of the parties or on the court's own motion."  <u>Mire</u>, 389 F.3d at 167.

The Clerk's office is **DIRECTED** to administratively close this case pending further order of the Court.  Though administratively closed, this case will remain on the docket of this Court and may be reopened upon request of any party or on the Court's own motion.

    **IT IS SO ORDERED.**

    **DATED:** San Antonio, Texas. July 26, 2016.

_____
David Alan Ezra
Senior United States Distict Judge

3